```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF TENNESSEE
                       WESTERN DIVISION
```
_____

| | |
|---|---|
| **ARON J. AUSTIN,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )   No. 19-cv-2647-TLP-tmp |
| | ) |
| **NICHOLAS J. TANSEY; JUDGE DAVID** | ) |
| **LYNN COBB; JAMES SHAHEEN; AARON** | ) |
| **GRIGSBY; and SOUTHERN ROOFING AND** | ) |
| **RENOVATIONS, LLC,** | ) |
| | ) |
|     **Defendants.** | ) |

_____

                    REPORT AND RECOMMENDATION
_____

Before the court are Motions to Dismiss filed by defendants Judge David Lynn Cobb, Nicholas J. Tansey, James Shaheen, Aaron Grigsby, and Southern Roofing and Renovations, LLC ("Southern Roofing"). (ECF Nos. 28, 29, 30.) *Pro se* plaintiff Aron J. Austin originally filed suit on September 23, 2019, alleging that defendants violated 18 U.S.C. § 242, 8 U.S.C. §§ 1324c(2)(3)&(4), and Tenn. Code Ann. 47-18-104. (ECF No. 1.) After defendants moved to dismiss the original complaint, Austin filed a motion for leave to amend (ECF No. 26), which the undersigned granted by separate order (ECF No. 37). In response to the motion to amend, however, defendants renewed the arguments from their initial motions to dismiss, moving for dismissal of the amended complaint for lack of subject-matter jurisdiction under Rule 12(b)(1) and for failure to

state a claim under Rule 12(b)(6).[1] (ECF Nos. 28, 29, 30.) Plaintiff responded to these motions on October 18, 2019. (ECF No. 31.) These motions to dismiss the amended complaint are now ripe for review. Based on the following analysis, it is recommended that the motions to dismiss the amended complaint be granted.

## I. PROPOSED FINDINGS OF FACT

This case arises out of a dispute over roofing services provided to Austin by Southern Roofing and a corresponding civil suit against Austin in state court. (ECF No. 26-2 at 5.) Nicholas J. Tansey represented Southern Roofing in the state court litigation, and Judge David Lynn Cobb presided over those proceedings. (Id.) James Shaheen and Aaron Grigsby are employees of Southern Roofing. (Id. at 3.) According to the amended complaint, these defendants acted in concert to violate 42 U.S.C. § 1983, Tenn. Code Ann. 47-18-104, and Austin's rights under the Fifth and Fourteenth Amendments. (ECF No. 26-2 at 5.)

On March 11, 2019, Austin was served with a civil complaint regarding the dispute with Southern Roofing, which required Austin to appear in state court before Judge Cobb on March 27, 2019. (Id.) Austin then called and informed Tansey, the attorney of record in

---

[1] Defendants Tansey, Shaheen, Grigsby, and Southern Roofing also moved to dismiss for insufficient service of process under Rule 12(b)(5). Based on the recommendation that the complaint be dismissed under Rules 12(b)(1) and 12(b)(6), the court does not reach the issue of insufficient service of process.

2

that case, that he had received the civil complaint, that the March 27, 2019 court date would not work due to a conflicting medical procedure Austin had scheduled, and that documents related to the civil suit had been falsified. (Id. at 5-6.) Austin states that he filed an answer in state court on March 12, 2019, which similarly stated that the documents underlying the civil suit had been falsified and contained a forged signature. (Id. at 6.) Austin called the state court clerk that same day and requested to have the matter reset for another date. (Id.)

Austin states that he moved for his homeowner's insurance carrier, State Farm, to conduct an investigation as to why it had accepted falsified documents with a forged signature. (Id.) State Farm informed Austin that it had received documents from Southern Roofing through Shaheen and Grigsby. (Id.) Austin relayed this information to Tansey and said he needed more time to collect documents before deciding how to proceed. (Id. at 7.) According to Austin, when he attempted to communicate with State Farm about the matter, the insurance carrier said it could not speak with him due to his representation on the disputed claim. (Id.) Austin states that he then "put everyone involved on notice" that he would file criminal charges against those involved. (Id.)

On April 4, 2019, Austin received a letter informing him of a civil judgment against him obtained by Tansey. (Id.) Austin went to the state court clerk and obtained a copy of the March 27, 2019

3

judgment against him, at which time he learned that the state court had never ruled on his motion to continue. (Id. at 8.) Austin contends that Tansey and Judge Cobb both knew he would not appear in court on March 27, 2019. (Id.)

Austin claims State Farm informed him that Tansey had submitted a falsified completion form to obtain payment for the work done by Southern Roofing. (Id. at 9.) According to Austin, State Farm voided the initial check it had issued based on the falsified document and issued a second check, which also had to be voided because it named Austin as the sole recipient rather than also listing the contractor. (Id.) Austin states that a State Farm adjustor came to the property to inspect the repairs and saw that Southern Roofing had not completed the work for which it was trying to collect payment. (Id.) The insurance adjustor and Austin agreed to have a hold placed on the third check pending the investigation. (Id. at 10.) Upon completion of the investigation, State Farm issued a check payable to Austin and a fourth check payable to both Austin and Southern Roofing, both of which Austin kept. (Id.)

## II. PROPOSED CONCLUSIONS OF LAW

### A. Standard of Review

In determining whether a complaint survives a Rule 12(b)(6) motion to dismiss, "the court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff

4

undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." Ford v. Martin, 49 F. App'x 584, 585-86 (6th Cir. 2002) (citing Lewis v. ACB Bus. Servs., Inc., 135 F.3d 389, 405 (6th Cir. 1998)). "To avoid dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Barnett v. Luttrell, 414 F. App'x 784, 786 (6th Cir. 2011) (internal quotation marks omitted). While courts liberally construe *pro se* arguments, even *pro se* complaints must satisfy the plausibility standard. Id.; see also Pilgrim v. Littlefield, 92 F.3d 413, 416 (6th Cir. 1996) ("[T]he lenient treatment generally accorded to pro se litigants has limits."). "The basic pleading essentials are not abrogated in pro se cases." Matthews v. City of Memphis, 2014 WL 3049906, at *3 (W.D. Tenn. July 3, 2014) (citing Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989)). "Courts 'have no obligation to act as counsel or paralegal' to pro se litigants." Id. (quoting Pliler v. Ford, 542 U.S. 225, 231 (2004)). "Courts are also not 'required to create' a pro se litigant's claim for him." Id. (quoting Payne v. Sec'y of Treasury, 73 F. App'x 836, 837 (6th Cir. 2003)). While the court must view the factual allegations in the light most favorable to the plaintiff, the court need not "accept as true legal conclusions or unwarranted factual inferences, and [c]onclusory allegations or legal conclusions masquerading as factual allegations will not suffice." In re Travel

5

Agent Comm'n Antitrust Litig., 583 F.3d 896, 903 (6th Cir. 2009) (internal quotation marks omitted).

"Rule 12(b)(1) motions to dismiss for lack of subject-matter jurisdiction generally come in two varieties: a facial attack or a factual attack." Gentek Bldg. Prods. v. Sherwin-Williams Co., 491 F.3d 320, 330 (6th Cir. 2007) (citing Ohio Nat'l Life Ins. Co. v. United States, 922 F.2d 320, 325 (6th Cir. 1990)). "A facial attack on the subject-matter jurisdiction alleged in the complaint questions merely the sufficiency of the pleading." Id. (citing Ohio Nat'l, 922 F.2d at 325). "When reviewing a facial attack, a district court takes the allegations in the complaint as true, which is a similar safeguard employed under 12(b)(6) motions to dismiss." Id. (citing Ohio Nat'l, 922 F.2d at 325). "On the other hand, when a court reviews a complaint under a factual attack . . . . no presumptive truthfulness applies to the factual allegations." Ohio Nat'l, 922 F.2d at 325. The Rule 12(b)(1) inquiry in this case involves a facial attack and thus requires the court to ask "whether the plaintiff has alleged a basis for subject matter jurisdiction, and the court takes the allegations of the complaint as true for purposes of Rule 12(b)(1) analysis." Cartwright v. Garner, 751 F.3d 752, 760 (6th Cir. 2014).

**B.   The Rooker-Feldman Doctrine**

Based on the complaint's allegations, the court finds that the exercise of federal subject-matter jurisdiction over this case

6

is barred by the Rooker-Feldman doctrine. This doctrine "embodies the notion that appellate review of state court decisions and the validity of state judicial proceedings is limited to the Supreme Court under 28 U.S.C. § 1257, and thus that federal district courts lack jurisdiction to review such matters." In re Cook, 551 F.3d 542, 548 (6th Cir. 2009) (citing Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 291 (2005) ("[T]his Court's appellate jurisdiction over state-court judgments . . . precludes a United States district court from exercising subject-matter jurisdiction."); Lawrence v. Welch, 531 F.3d 364, 368 (6th Cir. 2008) ("The Rooker-Feldman doctrine is based on the negative inference that, if appellate court review of such state judgments is vested in the Supreme Court, then it follows that such review may not be had in the lower federal courts.")). "The Rooker-Feldman doctrine applies in those circumstances where a party initiates an action in federal district court 'complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment.'" Id. (quoting Exxon Mobil, 544 U.S. at 291). "The pertinent question in determining whether a federal district court is precluded under the Rooker-Feldman doctrine from exercising subject-matter jurisdiction over a claim 'is whether the 'source of the injury' upon which plaintiff bases his federal claim is the state court judgment.'" Id. (quoting Lawrence, 531 F.3d at 368; McCormick v. Braverman, 451 F.3d 382, 394 (6th Cir. 2006)).

7

Austin's complaint is a perfect example of the type of claims to which the Rooker-Feldman doctrine applies. In the original complaint, Austin's request for relief included having the state court judgment "vacated & removed." (ECF No. 1 at 11.) Although this request for relief is absent from the amended complaint, it is clear that the source of the injury underlying Austin's amended complaint is the state court judgment against him. See In re Cook, 551 F.3d at 548. This is apparent from Austin's response to the motions to dismiss his § 1983 claims, in which Austin asserts the violation of his right to procedural due process by defendants' "depriving . . . his secured right to be heard in General Sessions Court and . . . his right to defend the cause of action." (ECF No. 31 at 6.) Because this court could remedy the injury only by reviewing the state court judgment, "the Rooker-Feldman doctrine would prevent the district court from asserting jurisdiction." McCormick, 451 F.3d at 393. The proper place to challenge the state court judgment would be in state court. See In re Cook, 551 F.3d at 548; Lawrence, 531 at 368. Accordingly, Rooker-Feldman precludes the court from exercising subject-matter jurisdiction over this action.

**D.   § 1983 Claims**

Even if the court had subject-matter jurisdiction over Austin's § 1983 claims, the complaint would nevertheless fall short of the Rule 12(b)(6) standard. "To successfully plead a Section

8

1983 claim, a plaintiff must allege (1) the deprivation of a right secured by the Constitution or laws of the United States and (2) the deprivation was caused by a person acting under color of state law." Conexx Staffing Servs. v. PrideStaff, No. 2:17-cv-02350, 2017 WL 9477760, at *2 (W.D. Tenn. Nov. 3, 2017) (citing Tahfs v. Proctor, 316 F.3d 584, 590 (6th Cir. 2003)). "A plaintiff may not proceed under § 1983 against a private party 'no matter how discriminatory or wrongful' the party's conduct." Tahfs, 316 F.3d at 590 (quoting Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999)).

Austin's § 1983 claims against defendants Tansey, Shaheen, Grigsby, and Southern Roofing fail because these defendants are private persons and a private entity, not state actors, and Austin fails to allege that these defendants took any action on behalf of the state. See Campbell v. PMI Food Equip. Grp., Inc., 509 F.3d 776, 783 (6th Cir. 2007) ("[S]ection 1983 does not . . . prohibit the conduct of private parties acting in their individual capacities."). Moreover, Austin does not attribute any "unconstitutional behavior" to any of these defendants, which is also fatal to his claims. See Heyerman v. Cty. of Calhoun, 680 F.3d 642, 647 (6th Cir. 2012); Wiles v. Ascom Transp. Sys., 478 F. App'x 283, 285 (6th Cir. 2012); see also Meals v. City of Memphis, 493 F.3d 720, 727 (6th Cir. 2007) ("Section 1983 is not itself a source of any substantive rights, but instead provides the means

9

by which rights conferred elsewhere may be enforced."). Accordingly, Austin fails to state a claim against these defendants under § 1983, and it is recommended that these claims be dismissed.

Austin also asserts a § 1983 claim for money damages against Judge Cobb, alleging that the entry of judgment against Austin in state court deprived him of his constitutional right to be heard. However, "[i]t is well-established that judges enjoy judicial immunity from suits arising out of the performance of their judicial functions." Brookings v. Clunk, 389 F.3d 614, 617 (6th Cir. 2004) (citing Pierson v. Ray, 386 U.S. 547, 553-54 (1967); Mann v. Conlin, 22 F.3d 100, 103 (6th Cir. 1994)). "The Supreme Court has specifically held that state judges are absolutely immune from liability under 42 U.S.C. § 1983." Id. (citing Briscoe v. LaHue, 460 U.S. 325, 334 (1983); Pierson, 386 U.S. at 554-55). "In fact, judicial immunity applies to acts performed maliciously and corruptly as well as acts performed in bad faith or with malice[.]" Id. (citing Pierson, 386 U.S. at 554; Mireles v. Waco, 502 U.S. 9, 11 (1991)). "However, judicial immunity does not apply if the judge's activities were 'non-judicial' in nature or if the judge's actions are performed without any jurisdiction to do so." Id. (citing Pierson, 386 U.S. at 554; Stump v. Sparkman, 435 U.S. 349, 362-63 (1978)). Neither of these exceptions apply here.

Austin does not challenge the jurisdiction of the state court, and nothing in the complaint suggests Judge Cobb entered judgment

10

against Austin without jurisdiction to do so. See Brookings, 389 F.3d at 617. Rather, Austin asserts that Judge Cobb "was acting in his individual capacity" and "not [as an] elected sitting judge." (ECF No. 31 at 8.) An act qualifies as "judicial" if it is a function "normally performed by a judge" and it occurred while "the parties dealt with the judge in his or her judicial capacity." Brookings, 389 F.3d at 617 (citing Stump, 435 U.S. at 362; Mireles, 502 U.S. at 12). According to the Sixth Circuit, "'paradigmatic judicial acts,' or acts that involve resolving disputes between parties who have invoked the jurisdiction of a court, are the touchstone for application of judicial immunity." Id. at 618 (quoting Barrett v. Harrington, 130 F.3d 246, 255 (6th Cir. 1997)).

In this case, Austin complains that Judge Cobb denied his motion to continue and entered judgment against him. (ECF No. 31 at 7-8.) Judge Cobb's actions easily qualify as "paradigmatic judicial acts" aimed towards resolving the dispute between the state court litigants. See Brookings, 389 F.3d at 617-18. Austin argues that absolute immunity does not apply in this instance because Judge Cobb committed these acts with malice. Yet, "a judicial act 'does not become less judicial by virtue of an allegation of malice or corruption of motive.'" Id. at 622 (quoting Forrester v. White, 484 U.S. 219, 227 (1988)). Here, every indication in the pleadings suggests that the parties dealt with Judge Cobb in his judicial capacity. See id. Accordingly, Judge

11

Cobb is absolutely immune from Austin's § 1983 claim for money damages.

**D.  Criminal Statutes**

Austin's amended complaint omits the original complaint's claims based on criminal statutes 18 U.S.C. § 242 and 8 U.S.C. §§ 1324c(2)(3)&(4), although the amended complaint lists the latter on its title page under the section labeled "federal statute violations." (ECF No. 26-2 at 1.) These criminal statutes do not provide for a private cause of action. See United States v. Oguaju, 76 F. App'x 579, 581 (6th Cir. 2003) (no private right of action under 18 U.S.C. § 242); Anders v. Purifoy, No. 16-2321, 2016 WL 3102229, at *1 (W.D. Tenn. June 2, 2016) (no private right of action under 8 U.S.C. § 1324c). Accordingly, to the extent that Austin seeks to maintain claims under these statutes, they should be dismissed. See Bartlett v. Kalamazoo Cty. Cmty. Mental Health Bd., No. 18-1319, 2018 U.S. App. LEXIS 23806, at *4-5 (6th Cir. 2018) ("The district court . . . properly dismissed Bartlett's claims under the various criminal statutes because the statutes do not provide for a private cause of action, and because the decision to prosecute is vested in the sound discretion of the Attorney General.") (citing Wayte v. United States, 470 U.S. 598, 607 (1985)).

**E.  Supplemental Jurisdiction**

12

Austin also seeks to bring state law claims against defendants. Because this action violates Rooker-Feldman and because the complaint fails to state a claim against any defendant under § 1983, the court should decline to exercise supplemental jurisdiction over the state law claims. See 28 U.S.C. § 1367(c)(3) ("The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if ... the district court has dismissed all claims over which it has original jurisdiction."); Matthews v. City of Collierville, No. 13-2703-JDT-tmp, 2014 WL 69127, at *7 (W.D. Tenn. Jan. 8, 2014). Accordingly, it is recommended that all state law claims be dismissed without prejudice.

### III. RECOMMENDATION

Based on the foregoing analysis, it is recommended that the complaint be dismissed under Rules 12(b)(1) and 12(b)(6).

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

October 31, 2019
Date

### NOTICE

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R.**

**72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**