IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| ARON J. AUSTIN, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | No. 2:19-cv-02647-TLP-tmp |
| v. | ) | |
| | ) | JURY DEMAND |
| NICHOLAS J. TANSEY, DAVID LYNN COBB, JAMES SHAHEEN, AARON GRIGSBY, and SOUTHERN ROOFING & RENOVATIONS, LLC, | ) | |
| Defendants. | ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Plaintiff Aron Austin sued pro se alleging that Defendants violated his rights under 42 U.S.C. § 1983(A), 18 U.S.C. § 242, 8 U.S.C. §§ 1324c(2)(3)&(4), and under Tennessee law. (ECF No. 1; ECF No. 26.) Defendants then moved to dismiss Plaintiff's complaint. (ECF No. 28; ECF No. 29; ECF No. 30.)

The Magistrate Judge issued a Report and Recommendation ("R&R") recommending that the Court grant Defendants' motion to dismiss. (ECF No. 38 at PageID 317.) For the reasons below, the Court **ADOPTS** the R&R in whole and **GRANTS** Defendants' motion to dismiss.

**I.    The Magistrate Judge's Findings**

   **A.    *Rooker-Feldman* Doctrine**

Because Plaintiff complains about the result of state court civil litigation, the Magistrate Judge found that "the exercise of federal subject-matter jurisdiction over this case is barred by the *Rooker-Feldman* doctrine." (ECF No. 38 at PageID 321–22.) "This doctrine 'embodies the

notion that appellate review of state court decisions and the validity of state judicial proceedings is limited to the Supreme Court under 28 U.S.C. § 1257, and thus that federal district courts lack jurisdiction to review such matters.'" (*Id.* at PageID 322) (citing *In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009)).

The R&R explains that "it is clear that the source of the injury underlying Austin's amended complaint is the state court judgment against him." (*Id.* at PageID 323) (citing *In re Cook*, 551 F.3d at 548). Thus, "[b]ecause this court could remedy the injury only by reviewing the state court judgment, 'the Rooker-Feldman doctrine would prevent the district court from asserting jurisdiction.'" (*Id.*) (citing *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006)). "Accordingly, Rooker-Feldman precludes the court from exercising subject-matter jurisdiction over this action." (*Id.*)

### B. § 1983

The Magistrate Judge also found that, even if subject-matter jurisdiction existed here, Plaintiff does not allege any violation under § 1983 because he fails to allege that any of the Defendants are state actors. (*Id.* at PageID 324) (citing *Campbell v. PMI Food Equip. Grp., Inc.*, 509 F.3d 776, 783 (6th Cir. 2007)). What is more, Plaintiff's claim against Defendant Judge David Lynn Cobb cannot stand because the latter is judicially immune from Plaintiff's § 1983 claim. (*Id.* at PageID 325–27) (citations omitted). Thus, Plaintiff's § 1983 allegations "fall short" of the Federal Rule of Civil Procedure 12(b)(6) standard. (*Id.* at PageID 323).

### C. Criminal Statutes

The R&R added that Plaintiff's "amended complaint omits the original complaint's claims based on criminal statutes 18 U.S.C. § 242 and 8 U.S.C. §§ 1324c(2)(3)&(4), although the amended complaint lists the latter on its title page under the section labeled 'federal statute

2

violations.'" (*Id.* at PageID 327) (citing ECF No. 26-2 at 1). But the Magistrate Judge found that, even if Plaintiff does allege claims under these criminal statutes, they "do not provide for a private cause of action." (*Id.* at PageID 327) (citations omitted). Thus, "to the extent that [Plaintiff] seeks to maintain claims under these statutes, they should be dismissed." (*Id.*) (citations omitted).

### D. Tennessee Law Claims

Finally, the Magistrate Judge Found that, "[b]ecause this action violates *Rooker-Feldman* and because the complaint fails to state a claim against any defendant under § 1983, the court should decline to exercise supplemental jurisdiction over the state law claims." (*Id.* at PageID 328) (citing 28 U.S.C. § 1367(c)(3)). As a result, he "recommended that all state law claims be dismissed without prejudice." (*Id.*)

## II. Disposition

"A party may serve and file objections to the order within 14 days after being served with a copy." Fed. R. Civ. P. 72(a). "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee notes.

Plaintiff timely objected to the Magistrate Judge's R&R. (ECF No. 42.) But his objections are unhelpful for the Court's review for two reasons. First, the objections are not specific enough "to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). Plaintiff baldly objects "to the Report and Recommendation currently before the court" without raising factual or legal issues with it. (ECF No. 42 at PageID 345.) He also says that "[t]he court reserved [its] supplement-

3

jurisdiction to entertain the plaintiff(s) [sic] State claims." (*Id.*) But, because the Court has yet to rule on the merits on Plaintiff's allegations, Plaintiff's position is unsupported by the record.

Second, Plaintiff "raise[s] at the district court stage new arguments or issues that were not presented to the magistrate [court]" without compelling reasons. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (citing *United States v. Waters*, 158 F.3d 93, 936 (6th Cir. 1998)). Indeed, Plaintiff moves "to transfer this case to State Court," which has "proper jurisdiction to hear plaintiffs [sic] state claims." (ECF No. 42 at PageID 345.) Plaintiff's motion is inappropriate in the context of objecting to an R&R. *Murr*, 200 F.3d at 902 n.1. The Court thus declines to assess the merits of Plaintiff's new motion.

Having reviewed the R&R, the Court finds no clear error and **ADOPTS** the Report and Recommendation in its entirety. The Court thus **GRANTS** Defendants' motion to dismiss Plaintiff's claims and **DISMISSES WITHOUT PREJUDICE** Plaintiff's claims. The Court will enter judgment for Defendants.

**SO ORDERED**, this 14th day of January, 2020.

       s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE